IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WENDY PRINCE, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 5:22-cv-00035 |
| JOHNSON HEALTH TECH TRADING, Inc., JOHNSON HEALTH TECH RETAIL, Inc., and JOHNSON HEALTH TECH, Inc., ) ) ) ) | By: Elizabeth K. Dillon United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This putative class action alleges that defendants misrepresented the horsepower capabilities of their treadmills that were sold for household exercise. The plaintiff, Wendy Prince, brings this action on behalf of herself and similarly situated purchasers of Horizon Fitness treadmills. Defendants Johnson Health Tech Trading, Inc., Johnson Health Tech Retail, Inc., and Johnson Health Tech, Inc. (collectively referred to as Johnson Health or Horizon) moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. (Dkt. No. 16.)

On January 31, 2023, the court issued a memorandum opinion and order granting in part and denying in part defendants' motion to dismiss. (Dkt. Nos. 45, 46.) As relevant here, the court held that the plaintiff had standing to pursue claims related to treadmills that she did not purchase, and that the jurisdictional requirements of the Magnuson-Moss Warranty Act (MMWA) need not be satisfied if the jurisdictional requirements of the Class Action Fairness Act (CAFA) are satisfied. Before the court is defendants' motion for certification of an interlocutory appeal on these two issues. (Dkt. No. 47.)

For the reasons stated below, defendants' motion will be denied.

## I.  BACKGROUND

The amended class action complaint alleges that the subject treadmills are incapable of reaching and maintaining Horizon's continuous horsepower (CHP) representations during normal designed household exercise use.  (Compl. ¶ 1, Dkt. No. 7.)  Treadmill horsepower rating is a prevalent and recognized specification used by consumers when purchasing a treadmill.  (*Id.* ¶ 2.)  Plaintiff alleges that Horizon misled consumers into believing that the treadmills generate and maintain the represented CHP, even though the represented horsepower can never be obtained during actual household use by plaintiff and the class and subclass members.  (*Id.* ¶ 3.)  Plaintiff brings the following claims on behalf of herself, a nationwide class, and a Virginia subclass: (1) breach of express warranty (nationwide class); (2) breach of express warranty—Magnuson-Moss Warranty Act (MMWA); (3) breach of express warranty (Va. Code § 8.2-313) (Virginia subclass); (4) breach of implied warranty (nationwide class or alternatively, Virginia subclass pursuant to Va. Code § 8.2-314); (5) breach of implied warranty—Magnuson-Moss Warranty Act; (6) constructive fraud (Virginia subclass); and (7) Virginia Consumer Protection Act (VCPA) (Va. Code § 59.1-198, -200) (Virginia subclass).

Defendants moved to dismiss, arguing that there is no subject matter jurisdiction over claims related to treadmills plaintiff did not purchase due to lack of standing, and no subject matter jurisdiction over plaintiff's MMWA claims.  (Dkt. Nos. 16, 17.)  The court found that plaintiff had standing to assert claims related to treadmills she did not purchase "because the treadmill she purchased is substantially similar to all Horizon treadmills and her claims are substantially similar to those of the other class members."  --- F. Supp. 3d ----, 2023 WL 1299252, at *3 (W.D. Va. Jan. 31, 2023).  Regarding jurisdiction over the MMWA claim, the

court acknowledged that the Ninth Circuit has held that the MMWA requirements, such as the requirement that class actions must have at least 100 plaintiffs, must be met separately from CAFA's jurisdictional requirements, but noted that "most courts, including those within [the] Fourth Circuit, have held that a class action based on violations of the MMWA may be brought under CAFA even if it may not be brought directly under the MMWA." *Id.* The court sided with the latter approach given that "Congress' purpose in enacting CAFA was 'to expand subject matter jurisdiction in the federal courts.'" *Id.* (quoting *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 329 (4th Cir. 2019)). The court went on to grant defendants' motion to dismiss plaintiff's MMWA express warranty claim for failure to state a claim, with leave to amend, but denied the motion to dismiss in all other respects.

## II. ANALYSIS

A district court may exercise its discretion to certify an order for interlocutory appeal where (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011).

Interlocutory appeals should be granted "sparingly and . . . [§ 1292(b)'s] requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). "Unless *all* of the statutory criteria are satisfied . . . 'the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b).'" *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015) (emphasis in original) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). "Even if the requirements of section 1292(b) are satisfied, the district court has unfettered discretion to decline to certify an interlocutory appeal if

3

exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013). Ultimately, "[t]he decision to certify an interlocutory appeal is firmly in the district court's discretion." *Randolph v. ADT Sec. Servs., Inc.*, Civ. No. DKC-09-1790, 2012 WL 273722, at *5 (D. Md. Jan. 30, 2012). Put another way, district courts are "permitted, not required, to certify an interlocutory appeal in certain extraordinary situations." *Bezek v. First Nat'l Bank of Pa.*, Civil No. SAG-17-2902, 2023 WL 2571508, at *2 (D. Md. Mar. 20, 2023). The moving party bears the burden of persuading the court that exceptional circumstances justify a departure from the general policy against piecemeal appeals. *St. John's Episcopal Church v. Cincinnati Ins. Co.*, No. 7:21-CV-001310-BO, 2022 WL 1913010, at *2 (E.D.N.C. June 3, 2022).

Regarding the first requirement (that the order involve a controlling question of law), the parties do not dispute that resolution of the standing issue or the MMWA jurisdiction issue, one way or another, will not be dispositive of this litigation. Even if the court of appeals were to find that plaintiff did not have standing to pursue claims on behalf of substantially similar Horizon treadmills, the class claims would still proceed with respect to the model purchased by the plaintiff. Also, even if the court of appeals were to find that the court did not have subject matter jurisdiction over the MMWA claims, that would only eliminate two of the seven claims in this case. "Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989) (unpublished); *see also Buckmire v. LaserShip, Inc.*, Case No. 1:20-cv-01493 (PTG/IDD), 2023 WL 2010766, at *3 (E.D. Va. Feb. 9, 2023) (citing *Fannin*).

Defendants argue that the issues are controlling, even though their resolution "would not completely end the litigation altogether," because an immediate appeal would be "'serious to the conduct of the litigation, either practically or legally.'" *Commonwealth of Va. ex rel., Integra Rec, LLC v. Countrywide Sec. Corp.*, Civil Action No. 3:14cv706, 2015 WL 3540473, *4 (E.D. Va. June 3, 2015) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755–56 (3d Cir. 1974)). An issue can be controlling if its resolution would "substantially shorten the litigation." *In re Trump*, 928 F.3d 360, 371 (4th Cir. 2019). If the court of appeals reversed the court's decision on the CAFA and MMWA jurisdictional issue, those claims would have to be dismissed or an additional 99 plaintiffs would have to be named. If the court of appeals reversed the court's decision on the standing issue, potential class members would be limited to purchasers of one treadmill (the model purchased by the plaintiff, the Horizon 7.8 AT Treadmill). *See, e.g.*, *Hutchens v. Capital One Servs., LLC*, Civil Action No. 3:19cv546, 2020 WL 6121950, at *5 (E.D. Va. Oct. 16, 2020) (certifying interlocutory appeal after finding that order enforcing a collective action waiver was a controlling issue of law because it "fully resolves one claim in Plaintiffs' complaints and materially affects the number of plaintiffs joining the action).

In this context, however, the court finds that the standing and MMWA jurisdiction issues are not controlling. In *Hutchens*, for example, the enforceability of the class action waiver affected whether there would be any class action proceedings at all. 2020 WL 6121950, at *4 ("The Court's June 2020 Order determining that the Collective Action Waiver is valid and binding on Plaintiffs is controlling, and forecloses Plaintiffs from bringing a collective action."). The court noted that the grant or denial of class certification "often has the effect of a final ruling on the merits. If a court denies certification, plaintiffs will often drop their claims; if a court grants it, the defendants may settle." *Id.* at *5. Unlike in *Hutchens*, class action certification is

not an issue presented by the court's ruling on defendants' motion to dismiss. Defendants will still be facing class claims if the court's standing and MMWA jurisdiction rulings were both reversed. Moreover, additional plaintiffs could intervene to solve either issue. *See, e.g.*, *Harris v. Ballone*, 681 F.2d 225, 230 (4th Cir. 1982) (allowing intervention of proper parties to represent a class even after the original named plaintiff was found to not have standing).

In addition, as to whether an immediate appeal would materially advance the outcome of the litigation, "[t]he mere fact that its resolution at this time *may* save pre-trial and trial effort and expense is not determinative; that of course can be said of any interlocutory appeal." *Fannin*, 1989 WL 42583, at *5 (emphasis in original). As discussed above, a successful appeal by defendants on either of the identified issues would not obviate the need for class certification proceedings. If the court eventually denies class certification, then these issues would become moot. If the court grants class certification, then defendants can attempt to pursue a discretionary appeal under Federal Rule of Civil Procedure 23(f). Moreover, resolution in favor of the defendants may cause additional pre-trial and trial effort if plaintiff finds it necessary to add additional plaintiffs to cure the standing issue and the subject matter jurisdiction issue on the MMWA claims.

In sum, defendants have not met their onerous burden to demonstrate that the requirements for a discretionary interlocutory appeal have been satisfied or that this is the rare case where extraordinary circumstances justify an interlocutory appeal. The court will deny defendants' motion.

## III. CONCLUSION

For the reasons stated in the foregoing opinion, it is HEREBY ORDERED that defendants' motion for certification of an interlocutory appeal (Dkt. No. 47) is DENIED. The clerk of court is directed to transmit a copy of this opinion to all counsel of record.

Entered: May 1, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge