CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
07/14/2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| **WENDY PRINCE**, *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | Civil Action No. 5:22-CV-00035-EKD |
| v. | |
| **JOHNSON HEALTH TECH TRADING, INC.**, *et al.*, | |
| Defendants. | |

<u>**FINAL APPROVAL ORDER AND JUDGMENT**</u>

On December 12, 2024, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF No. 80) of the settlement (the "Settlement") between Plaintiff Wendy Prince ("Plaintiff"), on her own behalf and on behalf of the Settlement Class (as defined below), and Defendants Johnson Health Tech Trading, Inc. and Johnson Health Tech Retail, Inc. ("Defendants" and together with Plaintiff, the "Parties"), as memorialized in the Settlement Agreement, which is Exhibit 1 to the supporting declaration (ECF No. 78-1) to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan, and to Appoint Class Representative and Class Counsel.[1]

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Class was notified of the terms of the proposed Settlement Agreement, of the right of Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing.

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement, except as may otherwise be indicated.

On July 14, 2025, the Court held a final approval hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Before the final approving hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. ECF No. 86. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and expenses to Settlement Class Counsel, and the payment of Service Award to the Class Representative.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for a Service Award to Plaintiff, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1.       The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.       The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4.      This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreement, including all Released Claims, and the plans for implementation and distribution of the settlement benefits.  The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Class Members who have not opted out of the Settlement Class are bound by this Final Approval Order and Judgment, approving the Settlement Agreement.

5.      The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## OBJECTIONS AND OPT-OUTS

6.      Zero objections were filed by Settlement Class Members. The Court therefore finds that this factor does not counsel against Settlement Agreement approval.

7.      All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

3

8.      One putative Class Member timely and validly elected to opt out of the Settlement

Agreement and the Settlement Class (the "Opt-Out Member"), and therefore is not bound by the

Settlement Agreement and this Final Approval Order and Judgment. The Opt-Out Member shall

not be entitled to any of the benefits afforded to the Settlement Class Members under the

Settlement Agreement.

## CLASS CERTIFICATION

9.      For purposes of the Settlement Agreement and this Final Approval Order and

Judgment only, the Court hereby finally certifies the following class (the "Settlement Class"):

> All persons in the United States of America who purchased a Horizon
> treadmill during the time period from June 9, 2018, through November 9,
> 2020, primarily for personal, family, or household purposes, and not for
> resale. Excluded from the Class are: Defendants and their officers, directors
> and lawyers; Proposed Class Counsel and their partners, associates, and
> lawyers; and judicial officers and their immediate family members and
> associated Court staff assigned to this case.

10.     The Court readopts and incorporates herein by reference its preliminary

conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in

the Preliminary Approval Order.

11.     The Court grants final approval to the appointment of Plaintiff Wendy Prince as

Class Representative. The Court concludes that the Plaintiff has fairly and adequately represented

the Settlement Class and will continue to do so.

12.     The Court grants final approval to the appointment of W.B. Markovits, Terence R.

Coates, and Justin C. Walker of Markovits, Stock & DeMarco, LLC; Gary M. Klinger of Milberg

Coleman Bryson Phillips Grossman, PLLC; Tracy A. and Malissa Lambert Giles of Giles &

Lambert, P.C., as Class Counsel. The Court concludes that Settlement Class Counsel has

adequately represented the Settlement Class and will continue to do so.

**NOTICE TO THE CLASS**

13.     The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14.     The Court finds that Defendants fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**

15.     The Court has considered Class Counsel's Motion for service awards and for attorneys' fees and costs and expenses, and the court grants that motion (ECF No. 84). The Court awards Class Counsel the sum of $200,000.00 as an award of attorneys' fees and $98,384.59 as an award of costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and expenses to be fair and reasonable.

16.     The Court grants Settlement Class Counsel's request for a Service Award to the Plaintiff of $7,500.00. The Court finds that this payment is justified by her service to the Settlement Class. The Service Award payment shall be paid in accordance with the Settlement Agreement.

**OTHER PROVISIONS**

17.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18.     Within the time period set forth in the Settlement Agreement, the benefits provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting Valid Claims, pursuant to the terms and conditions of the Settlement Agreement.

19.     Defendants shall, starting 30 calendar days from the date of the entry of this Order, enact the horsepower disclaimer requirements as set forth in the Settlement Agreement (ECF No. 78-1, ¶ 87(a)). Defendants, in that same time frame, shall provide to third-party retailers a letter in the form attached to the Settlement Agreement requesting that those retailers provide the disclaimer prospectively in conjunction with any third-party advertising that includes a reference to a Horizon treadmill's horsepower and/or continuous horsepower capabilities, as set forth in the Settlement Agreement. *Id*. at ¶ 87(b). If Class Counsel believe Defendants are in breach of their obligations set forth in this paragraph, they shall be obligated to give Defendants reasonable notice and opportunity to cure following a "meet and confer" conference before seeking any related relief.

20.     Class Members who have not timely excluded themselves from the Settlement, upon the Effective Date, forever release and discharge the Released Parties (Defendants) from any and all claims or causes of action of every kind and description, in all U.S. states and territories, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential

6

damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or

expenses) that the Releasing Party (Class) had or have (including, but not limited to,

assigned claims and any and all "Unknown Claims" as defined below) that have been or could

have been asserted in the Lawsuit or in any other action or proceeding before any court,

arbitrator(s), tribunal or administrative body (including but not limited to any state, local or

federal regulatory body), regardless of whether the claims or causes of action are based on

federal, state, or local law, statute, ordinance, regulation, contract, common law, or any

other source, and regardless of whether they are known or unknown, brought or could have

been brought, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising

out of, or related or connected to the alleged misrepresentations relating to horsepower and/or

continuous horsepower used to market, advertise, and sell Horizon treadmills.

21.     Upon the Effective Date, Defendants forever release and discharge the Released

Parties (Plaintiff and Class Members) from any and all claims or causes of action of every kind

and description, in all U.S. states and territories, including any causes of action in law, claims in

equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal,

equitable or administrative relief (including, but not limited to, any claims for injunction,

rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief,

compensatory damages, consequential damages, penalties, exemplary damages, punitive

damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties (Defendants) had

or have (including, but not limited to, assigned claims and any and all Unknown Claims as

defined below) that have been or could have been asserted in the Lawsuit or in any other

action or proceeding before any court, arbitrator(s), tribunal or administrative body

(including but not limited to any state, local or federal regulatory body), regardless of whether

the claims or causes

of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, brought or could

have been brought, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way to the alleged misrepresentations relating to horsepower and/or continuous horsepower used to market, advertise, and sell Horizon treadmills.

22.     The Released Claims specifically exclude claims for product liability seeking to recover for personal injury, property damage, and emotional distress for Class Members other than Plaintiff, as well as claims relating to the JRNY App.

23.     The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest, or expenses that arise out of or relate to the allegations or subject matter of the Lawsuit and/or the Amended Complaint.

24.     The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

25.     The Court hereby dismisses the Amended Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party, except as provided in this Final Approval Order and Judgment.

26.     Consistent with Paragraph 14 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed null and void ab initio; it shall be of no force or effect whatsoever; it shall not be referred to or used for any purposes whatsoever; and the negotiation, terms, and entry of the Settlement Agreement shall remain subject to Rule 408 of the Federal Rules of Evidence and any analogous federal or state court rules of evidence or substantive law.

27.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

IT IS SO ORDERED this 14th day of July, 2025.

/s/ Elizabeth K. Dillon
_____
Elizabeth K. Dillon
Chief United States District Court Judge